THE ADAMS EXPRESS COMPANY, Plaintiff in Error, *v.* A. S. WENTWORTH, Defendant in Error.

A wrongful delivery of goods after an order given by the consignor, founded on the inability of the consignee to pay, to stop *in transitu*, renders the carrier liable; and the subsequent receipt by the consignor of the consignee's note packed in blank with the goods, and an attempt on his part to collect it, does not relieve the carrier's liability unless the note be paid. Where the facts justify it, the notice not to deliver constitutes part of the carrier's contract.

The plaintiff below, the defendant in error, on the 23d of November, 1869, filled an order for goods in favor of one G. W. Franklin, of Leesburg, Ohio, amounting to $804.22. He packed in the box a blank note at three months for the amount of the bill, to be signed by Franklin, on receipt of the goods, and returned by mail. The next day the defendant's express wagon came to the plaintiff's store, took the goods, and the driver gave the usual receipt. Shortly afterward the plaintiff learned that Franklin was not responsible, and going to the express office, found the managing agent out, but saw an employe, by whom he was told the wagon had not yet reached the office. The plaintiff then, verbally, informed the clerk that he wanted the goods held, and that they were not to be delivered. On the same day he wrote to Franklin inquiring as to his financial condition, and stating in conclusion: "On receipt of your reply we shall ship your goods at once."

The plaintiff supposed his order to the express company had been observed until about the 8th of December, when, having learned that the goods had been delivered to Franklin, he went again to the managing agent and related the circumstances to him, but was unable to recognize the clerk to whom he had given the order to hold the goods, nor was the agent able to learn anything in the matter

from any employe of the company. The plaintiff had probably, again, before that told the agent not to deliver the goods without a written order.

It seems that Franklin was absent from Leesburg when the goods reached that place, and that they were in the express office there waiting his return some six or seven days. It was also proved that by a letter from Franklin, dated December 3d, the plaintiff received the note sent with the goods, duly signed, and on the 15th acknowledged its receipt "in settlement of bill," and offered Franklin four per cent. discount on all money paid before January 1, 1870. Also, that on January 1, 1870, the plaintiff again wrote to Franklin not to pay any money on account before maturity to a certain former employe; that the note was put into bank for collection by the plaintiff, but no amount was ever collected; and that when the goods were shipped and the note matured, Franklin was unable to pay for them. The agent of the company testified that it was the custom when shipments were countermanded for the shipper to show the express driver's receipt, which the plaintiff did not do. On this state of facts, the court below gave judgment for the plaintiff, and exceptions were taken.

*Dickson & Murdock*, for plaintiff in error.

*A. R. Dutton*, contra.

HAGANS, J.    As the case stands, we do not feel at liberty to interfere with the finding of facts made by the judge below. The plaintiff in error claims several propositions of law on the testimony. It is said here was no sufficient notice to the company. But we think it fair to hold that the notice was sufficient. Although the defendant in error did not have the company's receipt with him when the order to hold was given, still he might conclude, as the result of his efforts to stop the shipment, even if he knew that the surrender of the receipt was necessary, that its surrender

was waived. Nor was it necessary that he should regain the actual possession of the goods. The notice constituted a binding condition, for a breach of which the carrier is liable. It became part of the contract of transportation. (*Steamboat Owen* v. *Johnson,* 2 Ohio St. 142.) Of the sufficiency of this notice we have no doubt. If the plaintiff in error did not desire to be responsible, after the order to stop, it might have returned the goods to the shipper instead of running the risk of delivery to Franklin.

It would seem that the company's liability was complete, unless something was done by the defendant in error after the delivery to Franklin, whereby it was so injured as to defeat the right of recovery against it.

It is claimed that the receipt of the note by the defendant in error, which, in his letter of December 15, he acknowledged to be "in settlement of the bill," is a satisfaction of the debt and conclusive that he looked to Franklin alone for payment. But this was not a satisfaction. (*Brown's Assignee* v. *Wray,* 3 East, 93; *Merrick* v. *Bowry,* 4 Ohio St. 60; *Leach* v. *Church,* 15 Ohio St. 169.)

It is urged that this receipt of the note, the retention of its possession until maturity, and all other acts of the defendant in error subsequent to the delivery of the goods, without information thereof being duly communicated to the plaintiff in error, preclude a recovery. But we think not. No damage is shown to have ensued thereby to the plaintiff in error. In fact, these acts all looked to procuring payment of the debt, and if the defendant in error had succeeded, the company would had the benefit of his success. That he did not succeed can not alter the case, as the company is in no worse condition than before. Indeed, this defense is substantially that because the defendant in error endeavored to collect from Franklin the amount of their bill, and so save the plaintiff in error harmless of all or a part of the loss, he has thereby waived all right of claim against the company and must bear the loss himself.

*The Steamboat Owen* v. *Johnson,* above cited, seems to us

a stronger case in these respects than the one at bar.   There no question seems even to have been made upon the fact that the consignor collected a large portion of the value of the shipment from the consignee after a wrongful delivery, and brought suit and recovered against the carrier for an alleged balance due upon a disputed account, to which dispute, which was between consignor and consignee, the court would not listen.

It is said that Franklin was not insolvent, and therefore the consignor had no right of stoppage, and the delivery being made the matter is ended.   The claim is thus stated, as though this were a question of lien and not of a wrongful delivery of goods.   It is enough to say, in this connection, that Franklin was unable to pay for the goods before and at the time of their wrongful delivery, and that by such delivery the vendor's lien was gone, and the injury accrued.   The mere inability of the party to pay for the goods, even after their shipment is sufficient for the right of stoppage *in transitu.*   (*Benedict* v. *Schaettle,* 12 Ohio St. 515.)

On the whole case we think the judgment ought to be affirmed.

Judgment affirmed.